PAUL L. REIN, Esq. (Calif. State Bar No. 43053)
JULIE A. OSTIL, Esq. (Calif. State Bar No. 215202)
ANNE WINTERMAN, Esq. (Calif. State Bar No. 222251)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
510/832-5001 phone
510/832-4787 fax

Attorneys for Plaintiffs
ROBERT CRUZ and DARWIN DIAS

ORIGINAL
F I L E D

JAN 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADA

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT CRUZ and DARWIN DIAS,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, DOES 1-10, Inclusive,

Defendants.

_____/

CASE NO. C08-00244 MEJ
Civil Rights

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE II OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF REHAB. ACT OF 1973, SECTION 504; CALIFORNIA GOVERNMENT CODE § 11135 ; VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450, ET. SEQ.; VIOLATION OF CALIFORNIA CIVIL CODE §§ 54 AND 54.1; AND RELATED CODES AND REGULATIONS**

**DEMAND FOR JURY TRIAL**

Plaintiffs ROBERT CRUZ and DARWIN DIAS complain of defendants CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-10, Inclusive, and allege as follows:

**INTRODUCTION**

1.      This case involves the denial of facilities accessible to disabled persons at the Hallidie Plaza, owned and operated by defendant CITY

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -1-        S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1   AND COUNTY OF SAN FRANCISCO (hereinafter sometimes "the City"), and

2   DOES 1-10, Inclusive.  Plaintiffs Robert Cruz and Darwin Dias were stranded for

3   several hours at Hallidie Plaza, a public place, on a cold and windy evening,

4   because the City adopted and carried out a policy of regularly stopping elevator

5   access for disabled persons to Hallidie Plaza at a time when its facilities were

6   open for use by non-disabled persons.

7       2. Plaintiffs Robert Cruz and Darwin Dias, each a physically

8   disabled person who requires the use of a wheelchair, were denied their civil

9   rights under both California law and federal law, as hereinbelow described.

10  Plaintiffs were denied their rights to full and equal access to the Hallidie Plaza, a

11  public facility owned and operated by defendants City and County of San

12  Francisco, and Does 1-10, Inclusive, and located adjacent to Powell and Market

13  Streets in San Francisco, California, because the Hallidie Plaza facilities were not

14  properly accessible to mobility disabled persons, such as plaintiffs.   Plaintiffs

15  seek injunctive relief to require defendants to make the Hallidie Plaza and its

16  facilities accessible to disabled persons during the same hours that these facilities

17  are open and available to non-disabled persons, and to ensure that any disabled

18  person who attempts to use these facilities, including plaintiffs, will be provided

19  access. Plaintiffs also seek recovery of damages for the discriminatory

20  experience that they suffered, and seek recovery of reasonable attorney fees,

21  including litigation expenses, and costs, according to statute.

22

23  **JURISDICTION**

24      3. This Court has jurisdiction of this action pursuant to 28 USC

25  1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter

26  sometimes "ADA"), 42 USC 12101, *et seq.*  Pursuant to supplemental

27  jurisdiction, attendant and related causes of action arising from the same facts are

28  also brought under California law, including but not limited to violations of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1    California Government Code §4450, *et seq.*, and Government Code §11135;

2    Civil Code §§51, 52, 54, 54.1, 54.3 and 55; and California Code of Regulations,

3    Title 24-2.

4         4. This Court has subject matter jurisdiction of this action pursuant

5    to 28 U.S.C. § 1343(3) for claims arising under Section 504 of the Rehabilitation

6    Act of 1973. Additionally, this Court has jurisdiction over the public

7    accommodations named in this action pursuant to 28 USC § 1331 for violations

8    of the Americans with Disabilities Act of 1990, 42 USC §§ 12101, *et seq.*

9

10    **VENUE**

11         5. Venue is proper in the Northern District of California, the

12    judicial district in which the claims have arisen, pursuant to 28 U.S.C. § 1391(b),

13    and is properly assigned to the San Francisco/Oakland intradistrict.

14

15    **PARTIES**

16         6. Plaintiffs Robert Cruz and Darwin Dias were and are, at all time

17    relevant to this Complaint, each a physically disabled person, and a "person with

18    disabilities," as these terms are used under California law and under federal laws,

19    including but not limited to §504 of the Rehabilitation Act of 1973 and Title II of

20    the Americans with Disabilities Act of 1990. These terms, a "physically disabled

21    person," and a "person with disabilities," will be used interchangeably

22    throughout this Complaint. Plaintiffs each require the use of a wheelchair for

23    mobility, due to their physical disabilities. Plaintiffs cannot walk and cannot

24    climb stairs, and for many years each has required use of a motorized wheelchair

25    for mobility.

26         7. Defendant City and County of San Francisco, and Does 1-5,

27    Inclusive, are each a public entity subject to Title II of the Americans with

28    Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973, to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -3-     S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1    the requirements of California State law requiring full and equal access to public

2    facilities pursuant to Government Code §§ 11135 and 4450*ff*, and to all other

3    legal requirements referred to in this complaint.

4         8. Plaintiffs Robert Cruz and Darwin Dias each made a timely claim

5    for damages to City and County of San Francisco, mailed to the San Francisco

6    Controller's Office on or about October 10, 2007, copies of which are attached as

7    **Exhibits A** and **B,** respectively. The City rejected plaintiff Robert Cruz claim by

8    letter of November 2, 2007, and rejected plaintiff Darwin Dias' claim by letter of

9    November 16, 2007.

10

11    **FACTUAL BASES FOR COMPLAINT**

12         9. On or about Saturday, May 26, 2007, at approximately 2:45

13    p.m., Claimants Robert Cruz and Darwin Dias took the elevator down from

14    Market Street to the Hallidie Plaza, one level down from the street level, in order

15    to meet friends for coffee and snacks at the Cable Car Coffee restaurant located

16    on the Hallidie Plaza. This elevator is owned and operated by defendants, and

17    each of them. When plaintiffs arrived at the Hallidie Plaza, they met several non-

18    disabled friends at the Cable Car Coffee restaurant, located on the Plaza, and sat

19    in their wheelchairs at an outdoor table. Shortly before 4 p.m. they parted with

20    their friends, who left by walking down several steps to BART. When Plaintiffs

21    wheeled over to the elevator to leave, they discovered that the elevator had been

22    shut off and an orange cone had been placed in front of the elevator door. They

23    saw for the first time a sign above the elevator, posted by defendants, stating that

24    the elevator was only kept open and operable from 9 a.m. to 5 p.m.,

25    Monday-Friday, and 9 a.m. to 3 p.m. on Saturday and Sunday. On information

26    and belief, such a policy specifically discriminates against physically disabled

27    persons who use wheelchairs in that said policy effectively bars wheelchair users

28    from using the facilities at Hallidie Plaza, including those of the Cable Car

1 Coffee restaurant, after 3 p.m. on weekends when such facilities are open to the

2 general public and are available to non-disabled persons without subjecting such

3 non-disabled persons to the danger of being trapped at Hallidie Plaza or being

4 excluded from Hallidie Plaza.

5       10.   Plaintiffs then discovered that there was no other way to leave

6 Hallidie Plaza when the elevator was closed, except by going down

7 approximately six stairs to the BART station level or up approximately 20 stairs

8 to the street level. As a result, plaintiffs Robert Cruz and Darwin Dias were

9 trapped and stranded on the Hallidie Plaza level along with their heavy motorized

10 wheelchairs, and suffered a violation of their civil rights and were falsely

11 imprisoned. The Cable Car Coffee restaurant was still open. Plaintiffs inquired

12 of the Cable Car Coffee staff as to whether there were any restroom facilities on

13 the Hallidie Plaza level, and were told that there were none. The Cable Car

14 Coffee employees also advised that they did not know of any way to contact

15 someone to have the elevator turned back on. There were also no signs or

16 communication devices to notify the City of San Francisco or its employees that

17 disabled persons were trapped on the Hallidie Plaza level.

18       11.   Claimant Robert Cruz was in pain from his need to urinate

19 and was concerned that he would suffer a bodily functions accident in his

20 clothing. He was able to signal two uniformed Muni Metro police officers who

21 came over and suggested that he go to the corner gutter and urinate there, despite

22 his humiliation in having to be required to urinate in a public place.   Both

23 plaintiffs were also in pain and physical discomfort due to the weather turning

24 increasingly cold and windy.

25       12.   Plaintiffs called the San Francisco Muni City Services line

26 and asked for assistance and, when the San Francisco Muni employee stated that

27 he could not provide assistance, plaintiffs asked to speak to a supervisor. The

28 supervisor claimed that the elevator did not belong to San Francisco Muni, but

1   told plaintiffs to call the San Francisco Department of Public Works; plaintiffs

2   tried to do this but were unable to obtain any assistance.   Plaintiffs were told by

3   the City employee at the City Services direct line that she had contacted the

4   Department of Public Works and was told that their "engineer," who allegedly

5   had the only key for the Hallidie Plaza elevator, had left for the Memorial Day

6   weekend, and there was no way to contact him.

7        13.   Meanwhile, after an extended wait, plaintiff Robert Cruz

8   again had a painful need to urinate and, with no restroom facilities available, was

9   again required to use a corner of the gutter, despite his embarrassment that he

10   might be in full view of members of the public passing by at the upper street

11   level.  Finally, plaintiffs called the San Francisco Police Department, but were

12   then told to call the San Francisco Fire Department to request assistance.

13   Plaintiffs called the Fire Department and explained their situation and told where

14   the Hallidie Plaza was located.   Finally, the San Francisco Fire Department

15   personnel arrived and assisted both plaintiffs down the stairs to the BART/Muni

16   Metro concourse level, and carried their heavy motorized wheelchairs down to

17   this level, so that plaintiff's could finally leave the premises.

18        14.   Defendants' failure to provide access in the manner described

19   was in violation of multiple federal and state laws and regulations, including but

20   not limited to Title II of the Americans With Disabilities Act of 1990, § 504 of

21   the Rehabilitation Act of 1973, California Government Code §§ 4450*ff,*

22   California Civil Code §§ 54 and 54.1, and Title 24, the California Building Code.

23   As the result of the City's failure to carry out its legal obligations, plaintiffs were

24   discriminated against on the basis of their disability, and suffered violation of

25   their federal and state civil rights, and suffered physical, mental, and emotional

26   distress and injuries, all to their damages.

27        15.   On a daily basis since May 26, 2007, and continuing up to the

28   time of the filing of this Complaint, plaintiffs have been deterred and discouraged

1   from returning to the Hallidie Plaza, and have been denied their rights to full and

2   equal access to defendant's public accommodations and programs, services and

3   activities, due to the lack of accessible facilities.  Despite knowledge of damages

4   suffered by plaintiffs on May 26, 2007 and their necessary rescue by the Fire

5   Department, and despite plaintiffs' filing of their two government claims,

6   defendants have consciously and intentionally continued their policy of

7   discrimination against plaintiffs and other similarly situated disabled persons.

8           16.    As a result of the actions and failure to act of defendant, and

9   as a result of the inaccessibility of these public facilities, as above described,

10  plaintiffs suffered denial of their civil rights and their rights to "full and equal

11  access" to public facilities, and suffered mental and emotional distress, physical,

12  pain and suffering, embarrassment and humiliation, and other injury, all to their

13  damages, and to their detriment as alleged herein, on the basis that they were

14  each a physically disabled person and unable to use defendants' public facilities

15  on a full and equal basis with members of the general public.

16

17                            **FIRST CAUSE OF ACTION:**
    **DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS**
18                    **WITH DISABILITIES ACT OF 1990**

19          17.    Plaintiffs replead and incorporate by reference, as if fully set

20  forth hereafter, the allegations contained in Paragraphs 1 through 16 of this

21  Complaint and incorporate them herein as if separately repled.

22          18.    Effective January 26, 1992, plaintiffs are entitled to the

23  protections of the "Public Services" provision of Title II of the Americans with

24  Disabilities Act of 1990.  Title II, Subpart A prohibits discrimination by any

25  "public entity", including any state or local government, as defined by 42 USC §

26  12131, section 201 of the ADA.

27          19.    Pursuant to 42 USC §12132, Section 202 of Title II, no

28  qualified individual with a disability shall, by reason of such disability, be

1   excluded from participation in or be denied the benefits of the services, programs

2   or activities of a public entity, or be subjected to discrimination by any such

3   entity. Plaintiffs were each at all times relevant herein a qualified individual with

4   a disability as therein defined.

5          20.    The defendant government entities have failed in their

6   responsibilities under Title II to provide their services, programs and activities in

7   a full and equal manner to disabled persons as described hereinabove, including

8   failing to ensure that the paths of travel, entrance, and related public facilities and

9   public accommodations, as described herein, are accessible to disabled persons,

10  and failing to remove known architectural barriers at the subject facilities so as to

11  be accessible to disabled persons, and/or modify their programs, services and

12  activities to make them accessible to disabled persons, including plaintiffs. As a

13  proximate result of defendants' actions and omissions, defendants have

14  knowingly and intentionally discriminated against plaintiffs, in violation of Title

15  II of the Americans With Disabilities Act of 1990, and of the regulations adopted

16  to implement the ADA.

17         21.    As a result of such discrimination, in violation of §202 of the

18  ADA, plaintiffs are entitled to the remedies, procedures and rights set forth in

19  Section 505 of the Rehabilitation Act of 1973 (29 USC § 794a). Plaintiffs also

20  seek injunctive relief to require defendants to remove the barriers to access

21  complained of, and to provide all remedies, including damages, statutory attorney

22  fees, litigation expenses and costs, including those remedies specified by sections

23  203 and 505 of the Americans With Disabilities Act of 1990 and by California

24  Code of Civil Procedure § 1021.5, according to proof.

25         22.    **INJUNCTIVE RELIEF:** Plaintiffs seek injunctive relief to

26  prohibit the acts and omissions of defendants as complained of herein which are

27  continuing on a day-to-day basis and which have the effect of wrongfully

28  excluding plaintiffs and other members of the public who are physically disabled,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1  including wheelchair users and other mobility disabled persons, from full and

2  equal access to these public facilities.  Such acts and omissions are the cause of

3  humiliation and mental and emotional suffering of plaintiffs in that these actions

4  continue to treat plaintiffs as an inferior and second class citizen and serve to

5  discriminate against them on the sole basis that they are each a person with

6  disabilities and requires the use of a wheelchair and/or other assistive mobility

7  device for movement in public places. Plaintiffs are unable, so long as such acts

8  and omissions of defendants continue, to achieve equal access to and use of these

9  public buildings and facilities, and cannot return to properly use these facilities

10  until they are made properly accessible to disabled persons.  Plaintiffs allege that

11  they intend to do so, once legally required access has been provided.  The acts of

12  defendants have proximately caused and will continue to cause irreparable injury

13  to plaintiffs if not enjoined by this Court.

14        23.    To the date of filing this Complaint, the specified public

15  facilities continue to be inaccessible for safe and independent use by physically

16  disabled persons such as plaintiffs.  Plaintiffs request that an injunction be

17  ordered requiring that defendant take prompt action to modify their policies and

18  the aforementioned public facilities to render them accessible to and usable by

19  plaintiffs and other similarly situated physically disabled persons, and thereby

20  make its governmental services available to and usable by physically disabled

21  persons.

22        Wherefore, plaintiffs pray the Court grant relief as requested herein below.

23

24  **SECOND CAUSE OF ACTION:**
**VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973**

25

26        24.    Plaintiffs replead and incorporate by reference, as if fully set

27  forth hereafter, the allegations contained in Paragraphs 1 through 23 of this

28  complaint and incorporate them herein as if separately repled.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

25.    Public entity defendants City and County of San Francisco and Does 1-5 are each a governmental entity existing under the laws of the State of California with responsibility for, *inter alia*, the described public facilities, including but not limited to walkways, paths of travel, and entrance, to the subject public facility.  Plaintiffs are informed and believe and therefore allege that defendants are and have been at all relevant times the recipient of federal financial assistance and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein, and the activities which take place therein.

26.    By their actions or inactions in denying disabled accessible facilities at the public facilities specified herein, and in failing to provide access due to the lack of an accessible path of travel from the public sidewalk to the Hallidie Plaza, at times when Hallidie Plaza was open for use by the public and available to non-disabled persons, defendants have violated plaintiffs' rights under §504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

27.    By their actions or inactions in denying to plaintiffs Robert Cruz and Darwin Dias, each a disabled person, their rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against plaintiffs solely by reason of their physical disability, defendants have violated plaintiffs' rights under §504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.  Plaintiffs seek damages for denial of their Civil Rights, for interference with their right to access public accommodations, and for resulting physical, mental and emotional injury, all to their damage according to proof. Further, plaintiffs seek injunctive relief requesting that the Court order defendants to correct the access deficiencies complained of herein so that plaintiffs will not continue to be discriminated against and/or deterred from

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -10-          S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1   entering and accessing the public accommodation in the subject public facility on

2   the same basis as non-disabled persons, and seeks recovery of damages, statutory

3   attorney fees, litigation expenses and costs.

4          28.    Plaintiffs have no adequate remedy at law, and unless the

5   relief requested herein is granted, plaintiffs will continue to suffer irreparable

6   injury by the deprivation of meaningful access to the subject public facility

7   operated by defendants.

8          Wherefore, plaintiffs pray the Court grant relief as requested, hereinbelow.

9

10                         **THIRD CAUSE OF ACTION:**
    **VIOLATION OF CALIFORNIA'S DISABLED ACCESS STANDARDS;**
11   **VIOLATION OF CALIFORNIA GOVERNMENT CODE §4450 et seq.,**
                **RESULTING IN VIOLATION OF CIVIL CODE §§ 54*ff***

12

13          29.    Plaintiffs replead and incorporate by reference, as if fully set

14   forth hereafter, the factual allegations contained in Paragraphs 1 through 28 of

15   this complaint and incorporates them herein as if separately repled.

16          30.    Plaintiffs are informed and believe and therefore allege that

17   the specified public facilities owned and maintained by defendants are structures

18   or related facilities within the meaning of California Government Code §§ 4450

19   and 4451.  Plaintiffs are further informed and believe and therefore allege that

20   the defendants have constructed, altered, or repaired parts of the subject public

21   property, structure and facilities since 1968 within the meaning of California

22   Government Code §§ 4450 *et seq.*, including §4456, thereby requiring provision

23   of access to persons with disabilities, as required by law, and statutory attorney

24   fees, litigation expenses and costs, including but not limited to public interest

25   attorney fees pursuant to California Code of Civil Procedure §1021.5.

26          31.    The actions and omissions of defendants as herein alleged

27   constitute a denial of access to and use of the described public facilities by

28   physically disabled persons within the meaning of California Government Code

1  §§4450, *et seq.* As a proximate result of defendants' action and omissions

2  defendants have discriminated against plaintiffs, in violation of California

3  Government Code §§ 4450, *et seq.*, and of Title 24-2 regulations adopted to

4  implement § 4450.

5      32.  Plaintiffs have no adequate remedy at law, and unless the

6  relief requested herein is granted, plaintiffs will continue to suffer irreparable

7  harm as a result of defendants' failure to fulfill its obligations to provide

8  meaningful access to the subject public facilities.

9      33.  Wherefore plaintiffs ask this Court to preliminarily and

10  permanently enjoin any continuing refusal by defendants to grant full and equal

11  access to plaintiffs in the respects complained of and to require defendants to

12  comply forthwith with the applicable statutory requirements relating to access for

13  disabled persons.  Such injunctive relief is provided by California Government

14  Code §§4450*ff,* and California Civil Code §55, and other law.  Plaintiffs further

15  request that the Court award damages pursuant to Civil Code §54.3 and attorney

16  fees, litigation expenses, and costs  pursuant to Government Code §§ 4450*ff,*

17  Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as

18  hereinafter prayed for.

19      34.  **DAMAGES:** As a result of the denial of equal access to

20  these facilities  and due to the acts and omissions of defendants in owning,

21  operating, leasing, constructing, altering, and maintaining the subject facilities,

22  plaintiffs suffered multiple violations of their civil rights, including but not

23  limited to rights under Civil Code §§ 54 and 54.1, all to their damages per Civil

24  Code §54.3, as hereinafter stated.  Defendants' actions and omissions to act

25  constitute discrimination against plaintiffs on the sole basis that each was and is

26  physically disabled and unable, because of the architectural barriers created

27  and/or maintained by defendants in violation of the subject laws, to use these

28  public facilities on a full and equal basis as other persons.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -12-     S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1      35.   <u>Treble Damages</u> - Defendant City is also responsible for

2  treble damages pursuant to Civil Code § 54.3 for violations of §§ 54, and 54.1,

3  respectively, in that the violations of the rights of disabled persons were done

4  knowingly and in conscious disregard for the rights of plaintiffs and other

5  disabled persons in that the City has, on information and belief, known or should

6  have known, that disabled persons used the Hallidie Plaza premises, including

7  the Cable Car restaurant, at periods of time after 3 p.m., but chose to adopt and

8  maintain a policy to cut-off elevator service to the Hallidie Plaza level at 3 p.m.

9  despite this knowledge, and despite the knowledge that this elevator service was

10  the only means by which disabled persons, and specifically wheelchair users such

11  as plaintiffs, could enter or leave the Hallidie Plaza premises.

12      36.   **FEES AND COSTS:** As a result of defendants' acts,

13  omissions, and conduct, plaintiffs have been required to incur attorney fees,

14  litigation expenses, and costs as provided by statute, in order to enforce

15  plaintiffs' rights and to enforce provisions of the law protecting access for

16  disabled persons and prohibiting discrimination against disabled persons.

17  Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation

18  expenses, and costs, pursuant to the provisions of California Civil Code §§ 54.3

19  and 55, and California Government Code §§4450*ff.* Additionally, plaintiffs'

20  lawsuit is intended to require that defendants make their facilities accessible to

21  all disabled members of the public, justifying "public interest" attorney fees,

22  litigation expenses and costs pursuant to the provisions of California Code of

23  Civil Procedure §1021.5 and other applicable law.

24      Wherefore, plaintiffs pray the Court grant relief as requested, hereinbelow.

25  //

26  //

27  //

28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -13-      S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

# FOURTH CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135
## DISCRIMINATION UNDER PROGRAM RECEIVING
## FINANCIAL ASSISTANCE FROM THE STATE

37.    Plaintiffs replead and incorporate by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint.

38.    On information and belief, the administration, supervision and maintenance by defendants of the property, structure, and facilities which are the subject of the action, are funded in part by the State of California.

39.    Defendants have failed to make their programs, services, and activities readily accessible to and useable by disabled persons in violation of California Government Code § 11135 *et seq.*  Government Code § 11135 states:

§ 11135.  Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition

No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.  With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

40.    Plaintiffs have no adequate remedy at law, and unless the requested relief is granted, plaintiffs and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public.  Further, plaintiffs suffered damages, as specified, as the result of denial of their civil rights when they tried to use these facilities and were thereafter deterred from using these facilities, according

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-    S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

1    to proof. Because plaintiffs seek improvement of access for physically disabled

2    persons, which will benefit a significant portion of the public, plaintiffs seek

3    attorney fees, litigation expenses and costs pursuant to California Code of Civil

4    Procedure §1021.5, as to this cause of action and as to all causes of action in this

5    complaint which seek injunctive relief.

6       Wherefore, plaintiffs pray the Court grant relief as requested, hereinbelow.

7

8

9                   **PRAYER FOR RELIEF**

10       WHEREFORE, plaintiffs pray that this Court:

11       1.     Issue a preliminary and permanent injunction directing

12    defendants to modify the subject public facilities and their policies and practices

13    relating to use and operation of the elevator to their public premises at Hallidie

14    Plaza, so that they provide full and equal access to physically disabled persons;

15       2.     Retain jurisdiction over the defendants until such time as the

16    Court is satisfied that defendants' unlawful policies, practices, acts and omissions

17    complained of herein no longer exist, and will not recur;

18       3.     Grant a jury trial and award to plaintiffs all appropriate

19    damages in an amount to be proved at trial, including treble damages;

20       4.     Award to plaintiffs all costs of this proceeding and award all

21    statutory remedies including statutory attorney fees, litigation expenses and costs,

22    as provided by law;

23       5.     Award prejudgment interest pursuant to Civil Code § 3291;

24    and

25       6.     Grant such other and further relief as this Court may deem just

26    and proper.

27    //

28    //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -15-      S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

Dated: January 14, 2008

PAUL L. REIN
JULIE A. OSTIL
ANNE WINTERMAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiffs
ROBERT CRUZ and DARWIN DIAS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: January 14, 2008

PAUL L. REIN
JULIE OSTIL
ANNE WINTERMAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiffs
ROBERT CRUZ and DARWIN DIAS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-          S:\SLR\HALLIDIE PLAZA\PLEADINGS\HALLIDIE PLAZA.CMP.wpd

# EXHIBIT A

 **COPY**

0800875

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

| 1. Claimant's Name and Home Address (Please Print Clearly) | 2. Send Official Notices and Correspondence to: |
|---|---|
| Robert Cruz | Paul Rein, Esq./ Law Office of Paul Rein |
| 3954 - 18th St. | 200 Lakeside Dr., Suite A |
| City San Francisco   Zip 94114 | City Oakland, CA   Zip 94612-5031 |
| Telephone  Daytime       Evening | Telephone Daytime 510/832-5001  Evening |

| 3. Date of Birth | 4. Social Security Number | 5. Date of Incident | 6. Time of Incident (AM or PM) |
|---|---|---|---|
| 8/7/48 | Not required by law | 5/26/07 | approx. 4 PM |

| 7. Location of Incident or Accident | 8. Claimant Vehicle License Plate #, Type and Year |
|---|---|
| Halladie Plaza | N/A |

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

See attached sheet

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| unknown | N/A | N/A |

**10. Description of Claimant's Injury, property damage or loss**

See attached sheet

**11.** Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions)

ITEMS

Damages in an amount within the jurisdiction of the California Superior Court, unlimited Civil

TOTAL AMOUNT  $

Court Jurisdiction: Limited Civil ☐   Unlimited Civil ☑

**12. Witnesses (if any) Name       Address       Telephone**

1. See attached sheet
2.

**13.**

Signature of Claimant or Representative    Date 10/11/07

PAUL L. REIN
Print Name

attorney for Claimant
Relationship to Claimant

**Do Not Write In This Space**

#1089

RECEIVED
07 OCT 15 PM 12:36
CITY & COUNTY OF
SAN FRANCISCO
CONTROLLER
N/M

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

CA/FORM 2. 2/01

1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE OSTIL, Esq. (SBN 215202)
2  ANN WINTERMAN, Esq. (SBN 222257)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA 94612
4  (510) 832-5001

5  Attorneys for Claimant
   ROBERT CRUZ

6

7  In the Matter of the Claim of
8  ROBERT CRUZ,

9                    Claimant,

10 v.                                      **CLAIM AGAINST PUBLIC ENTITY**

11 CITY AND COUNTY OF SAN FRANCISCO,

12                    Respondent.

13       To CITY AND COUNTY OF SAN FRANCISCO (hereinafter also referred to as

14 "Respondent"), ROBERT CRUZ hereby presents this claim pursuant to section 910 of the

15 California Government Code.

16       1.    The name and address of claimant is ROBERT CRUZ, 3954 18th St., San

17 Francisco, CA 94114.

18       2.    The address for contact with Claimant ROBERT CRUZ for any and all notices

19 regarding this claim is: c/o Paul L. Rein, Esq., 200 Lakeside Dr., Suite A, Oakland, CA 94612.

20       3.    Claimant ROBERT CRUZ is a physically disabled person, who is mobility

21 impaired from childhood polio and major back injury, and is a legally disabled person under

22 California's disabled access statutes and regulations and under the Americans with Disabilities

23 Act of 1990. On May 26, 2007, and continuing to the date of filing of this Claim, Claimant

24 ROBERT CRUZ has been denied full and equal access to public facilities owned and operated,

25 controlled and/or maintained by Respondent, due to the circumstances more fully described

26 below. Respondent has denied Claimant his rights to full and equal access under state law,

27 including California Government Code §4450 *et seq.*, California Civil Code sections §§54 and

28 54.1 and California Code of Regulations, Title 24, by failing to provide disabled access to its

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity:                                      - 1 -
Robert Cruz v. San Francisco

s:\lr kall\lit place gov't claim rc.doc

1    public facilities, and the "programs, services and activities" at the Hallidie Plaza, but not

2    limited to: accessible and safe paths of travel to, through and within Respondent's facilities;

3    and by failing to provide persons with mobility impairments with the accessibility features

4    required under state law that mandate public accommodations be made "accessible to and

5    useable by" persons with disabilities.

6    4.    BASIS OF CLAIM; GENERAL DESCRIPTION OF INJURY OR LOSS - Claimant

7    ROBERT CRUZ is a physically disabled person who requires a wheelchair for mobility. On or

8    about May 26, 2007, at approximately 2:45 p.m., Claimants Robert Cruz and Darwin Dias took

9    the elevator down from Market Street to the Hallidie Plaza, one level down from the street

10    level, in order to meet friends for coffee and snacks at the Cable Car Coffee restaurant located

11    on the Hallidie Plaza.    When they arrived at the Hallidie Plaza, they met their friends at the

12    Cable Car Coffee restaurant, and sat in their wheelchairs at an outdoor table. Shortly before 4

13    p.m. they parted with their friends, who left by walking down steps to BART.  When Claimants

14    wheeled over to the elevator to leave, they discovered that the elevator had been shut off and an

15    orange cone had been placed in front of the elevator door.  They saw for the first time a sign

16    above the elevator stating that the elevator was only kept open and operable from 9 a.m. to 5

17    p.m., Monday-Friday, and 9 a.m. to 3 p.m. on Saturday and Sunday.  On information and

18    belief, such a policy specifically discriminates against physically disabled persons who use

19    wheelchairs in that said policy effectively bars wheelchair users from using the facilities at

20    Hallidie Plaza, including those of the Cable Car Coffee restaurant, after 3 p.m. on weekends

21    when such facilities are open to the general public and are available to non-disabled persons

22    without subjecting them to the danger of being trapped at Hallidie Plaza or being excluded

23    from Hallidie Plaza.

24    5.    Claimants then discovered that there was no other way to leave Hallidie

25    Plaza when the elevator was closed, except by going down stairs to the BART station level or

26    up approximately 20 stairs to the street level.  As a result, Claimants were trapped and stranded

27    on the Hallidie Plaza level with their motorized wheelchairs and suffered a violation of their

28    civil rights and were falsely imprisoned.  Claimants inquired of the Cable Car Coffee staff as to

Claim Against Public Entity:                                                            -2-
Robert Cruz v. San Francisco

1   whether there were any restroom facilities on the Hallidie Plaza level, and learned that there

2   were none. The Cable Car Coffee employees also advised that they did not know of any way to

3   contact someone to have the elevator turned back on. There were also no signs or

4   communication devices to notify the City of San Francisco or its employees that disabled

5   persons were trapped on the Hallidie Plaza level.

6          6.    Claimant Robert Cruz was in pain from his need to urinate and was

7   concerned that he would suffer a bodily functions accident in his clothing. He was able to

8   signal two uniformed Muni Metro police officers who suggested that he go to the corner gutter

9   and urinate there, despite his humiliation in having to be required to urinate in a public place.

10  Both Claimants were also in pain and physical discomfort due to it getting increasingly cold

11  and windy.

12         7.    Claimants called the San Francisco Muni City Services line and asked

13  for assistance and, when the San Francisco Muni employee stated that he could not provide

14  assistance, Claimants asked to speak to a supervisor. The supervisor claimed that the elevator

15  did not belong to San Francisco Muni, but told claimants to call the San Francisco Department

16  of Public Works; Claimants tried to do this but were unable to obtain any assistance.

17  Claimants were told by the City employee at the City Services direct line that she had contacted

18  the Department of Public Works and was told that their "engineer," who allegedly had the *only*

19  key for the Hallidie Plaza elevator, had left for the Memorial Day weekend, and there was no

20  way to contact him.

21         8.    Meanwhile, after an extended wait, Claimant Robert Cruz again had a

22  painful need to urinate and, with no restroom facilities available, was again required to use a

23  corner of the gutter in full view of persons passing by at the upper street level. Finally,

24  Claimants called the San Francisco Police Department, but were then told to call the San

25  Francisco Fire Department to request assistance. Claimants did so, and explained their

26  situation and where the Hallidie Plaza was located. Finally, the San Francisco Fire

27  Department personnel arrived and assisted both Claimants down the stairs to the BART/Muni

28  Metro concourse level, and carried both their heavy motorized wheelchairs down to this level.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Claim Against Public Entity:**
**Robert Cruz v. San Francisco**

- 3 -

c:\e\e hallidie plaza\gov't claim re.doc

1    9.    **Witnesses:** Bill Dunlap and Barry Smith, addresses currently unknown, were

2   the friends having coffee with claimants. The rescue of claimants by the San Francisco Fire

3   Department was observed by witness Jonathan Runckle, address unknown. Other witnesses

4   were two Muni Metro police officers, identities unknown; San Francisco Fire Department

5   members, identities unknown; other San Francisco employees, identities unknown.

6    10.    The names of the public employees responsible for damages are unknown at this

7   time. On information and belief, all facilities complained of are owned and operated by the

8   City and County of San Francisco.

9    11.    Damages are for violation of civil rights, denial of full and equal access to

10  public facilities, and personal injuries, including physical injuries, mental and emotional

11  distress, and statutory damages and attorney fees, litigation expenses and costs, all in an

12  amount within the unlimited jurisdiction of the California Superior Court.

13

14  Dated: October 11, 2007                       PAUL L. REIN
                                                   JULIE A. OSTIL
15                                                 ANN WINTERMAN
                                                   LAW OFFICES OF PAUL L. REIN
16

17

18                                                 Attorneys for Claimant
                                                   ROBERT CRUZ
19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity:
Robert Cruz v. San Francisco                                              - 4 -

1

## *Certificate or Proof of Service by Mail, Fax or Personal Delivery*

2

I, the undersigned, state: I am and was at all times herein mentioned, a citizen of the United States and a resident of the County of Alameda, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is Law Office of Paul L. Rein, 200 Lakeside Drive, Suite A (Corner of Jackson & 19th Streets), Oakland, CA 94612; that on the below date, following normal business practice, I caused to be served the foregoing document described as:

3

4

**CLAIM AGAINST PUBLIC ENTITY**

5

Claim Against Public Entity: Robert Cruz v. San Francisco

6

7

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

8

☐    **Facsimile:** By facsimile transmission, from our regular facsimile machine at (510) 832-4787, at approximately _____, or soon thereafter, addressed to the following facsimile machine (☐ **Without exhibits, which are to follow by mail;** ☐ **With exhibits;** ☑ **N/A):**

9

10

            *Name of Person Served:* _____ See Above _____
            *Facsimile Telephone No:* _____ See Above _____

11

            A facsimile machine report was printed immediately thereafter, which verified that the transmission was complete and without error.

12

☑    **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with postage thereon fully prepaid, marked with the above address(es), and placed in:

13

        ☑    in First Class United States Mail

14

        ☐    in ☐ priority, or ☐ standard, overnight mail via Federal Express,
I am readily familiar with our office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service at Oakland, and designated overnight packages will be timely scheduled for pickup or placed in Federal Express drop boxes or left at drop centers at Oakland.

15

16

17

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States and the state of California. Executed this **October** *12*, 2007, in Oakland, California.

18

19

20

        By: _____

            ☑ Steven L. Rein ☐ Aaron Clefton ☐ Katherine Castro
            ☐ Patricia Barbosa ☐ Paul L. Rein ☐ Julie Ostil
            (Original signed)

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity:
Robert Cruz v. San Francisco

- 5 -

x-sb-hall/dis pleas gov't claim re doc

# EXHIBIT  B

**COPY**                                                                    0800874

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

| | |
|---|---|
| **1. Claimant's Name and Home Address** (Please Print Clearly)<br>Darwin Dias<br>230 Eddy St. #1003<br>City San Francisco  CA Zip 94102-6523<br>Telephone  Daytime          Evening | **2. Send Official Notices and Correspondence to:**<br>Paul Rein Esq./Law Office of Paul Rein<br>200 Lakeside Dr. Suite A<br>City Oakland , CA    Zip 94612<br>Telephone  Daytime 510/832-5001  Evening |

| **3. Date of Birth**<br>2/11/34 | **4. Social Security Number**<br>Not required<br>by law | **5. Date of Incident**<br>5/26/07 | **6. Time of Incident** (AM or PM)<br>Approx 4 p.m. |
|---|---|---|---|

| **7. Location of Incident or Accident**<br>Hallidie Plaza | **8. Claimant Vehicle License Plate #, Type and Year**<br>N/A |
|---|---|

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

See attached sheet

| Name, I.D. Number and City Department<br>of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| unknown | N/A | N/A |

| **10. Description of Claimant's injury, property damage or loss**<br>See attached sheet | **11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions)**<br>**ITEMS**<br>Damages in an        $<br>amount within jurisdiction<br>of the California Superior<br>Court, unlimited Civil<br>**TOTAL AMOUNT**      $<br>Court Jurisdiction: Limited Civil ☐  Unlimited Civil ☑ |
|---|---|

| **12. Witnesses (if any) Name          Address                          Telephone** |
|---|
| 1. See attached sheet |
| 2. |

| **13.**<br>Paul Rein                    10/11/07<br>Signature of Claimant or Representative    Date<br><br>Paul L. Rein<br>Print Name                    Attorney for<br>                    Relationship to<br>                    Claimant  claimants | **Do Not Write In This Space**<br>#1088<br>NN<br><br>*(stamp)* CONTROLLER SAN FRANCISCO CITY & COUNTY OF<br>07 OCT 15 PM 12:36<br>RECEIVED |
|---|---|

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS
IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)          CA/FORM 2. 2/01

1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE OSTIL, Esq. (SBN 215202)
2  ANN WINTERMAN, Esq. (SBN 222257)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA 94612
4  (510) 832-5001

5  Attorneys for Claimant
   DARWIN DIAS

6

7  In the Matter of the Claim of
8  DARWIN DIAS,

9          Claimant,

10 v.                                    **CLAIM AGAINST PUBLIC ENTITY**

11 CITY AND COUNTY OF SAN FRANCISCO,

12          Respondent.

13        To CITY AND COUNTY OF SAN FRANCISCO (hereinafter also referred to as

14 "Respondent"), DARWIN DIAS hereby presents this claim pursuant to section 910 of the

15 California Government Code.

16        1.      The name and address of claimant is DARWIN DIAS, 230 Eddy St., #1003, San

17 Francisco, CA 94102-6523.

18        2.      The address for contact with Claimant DARWIN DIAS for any and all notices

19 regarding this claim is: c/o Paul L. Rein, Esq., 200 Lakeside Dr., Suite A, Oakland, CA 94612.

20        3.      Claimant DARWIN DIAS is a physically disabled person, who is mobility

21 impaired from osteoarthritis and a number of respiratory illnesses including pneumonia,

22 tuberculosis, and chronic emphysema, as well as suffering from severe cervical-spinal

23 problems, and is a legally disabled person under California's disabled access statutes and

24 regulations and under the Americans with Disabilities Act of 1990. On May 26, 2007, and

25 continuing to the date of filing of this Claim, Claimant DARWIN DIAS has been denied full

26 and equal access to public facilities owned and operated, controlled and/or maintained by

27 Respondent, due to the circumstances more fully described below. Respondent has denied

28 Claimant his rights to full and equal access under state law, including California Government

Claim Against Public Entity:
Robert Cruz v. San Francisco                                    - 1 -

s:\ir ba\filia place.gov\ claim dd.doc

1    Code §4450 *et seq.*, California Civil Code sections §§54 and 54.1 and California Code of

2    Regulations, Title 24, by failing to provide disabled access to its public facilities, and the

3    "programs, services and activities" at the Hallidie Plaza, but not limited to: accessible and safe

4    paths of travel to, through and within Respondent's facilities; and by failing to provide persons

5    with mobility impairments with the accessibility features required under state law that mandate

6    public accommodations be made "accessible to and useable by" persons with disabilities.

7    4.    BASIS OF CLAIM; GENERAL DESCRIPTION OF INJURY OR LOSS  - Claimant

8    DARWIN DIAS is a physically disabled person who requires a wheelchair for mobility. On or

9    about May 26, 2007, at approximately 2:45 p.m., Claimants Robert Cruz and Darwin Dias took

10   the elevator down from Market Street to the Hallidie Plaza, one level down from the street

11   level, in order to meet friends for coffee and snacks at the Cable Car Coffee restaurant located

12   on the Hallidie Plaza.   When they arrived at the Hallidie Plaza, they met their friends at the

13   Cable Car Coffee restaurant, and sat in their wheelchairs at an outdoor table.  Shortly before 4

14   p.m. they parted with their friends, who left by walking down steps to BART.  When Claimants

15   wheeled over to the elevator to leave, they discovered that the elevator had been shut off and an

16   orange cone had been placed in front of the elevator door.  They saw for the first time a sign

17   above the elevator stating that the elevator was only kept open and operable from 9 a.m. to 5

18   p.m., Monday-Friday, and 9 a.m. to 3 p.m. on Saturday and Sunday.  On information and

19   belief, such a policy specifically discriminates against physically disabled persons who use

20   wheelchairs in that said policy effectively bars wheelchair users from using the facilities at

21   Hallidie Plaza, including those of the Cable Car Coffee restaurant, after 3 p.m. on weekends

22   when such facilities are open to the general public and are available to non-disabled persons

23   without subjecting them to the danger of being trapped at Hallidie Plaza or being excluded

24   from Hallidie Plaza.

25         5.    Claimants then discovered that there was no other way to leave Hallidie

26   Plaza when the elevator was closed, except by going down stairs to the BART station level or

27   up approximately 20 stairs to the street level.  As a result, Claimants were trapped and stranded

28   on the Hallidie Plaza level with their motorized wheelchairs and suffered a violation of their

LAW OFFICES OF ·
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity:
Robert Cruz v. San Francisco

- 2 -

s:\r halliclie plaza gov't claim rk doc

1    civil rights and were falsely imprisoned.  Claimants inquired of the Cable Car Coffee staff as to

2    whether there were any restroom facilities on the Hallidie Plaza level, and learned that there

3    were none.  The Cable Car Coffee employees also advised that they did not know of any way to

4    contact someone to have the elevator turned back on.  There were also no signs or

5    communication devices to notify the City of San Francisco or its employees that disabled

6    persons were trapped on the Hallidie Plaza level.

7         6.    Claimant Robert Cruz was in pain from his need to urinate and was

8    concerned that he would suffer a bodily functions accident in his clothing.  He was able to

9    signal two uniformed Muni Metro police officers who suggested that he go to the corner gutter

10   and urinate there, despite his humiliation in having to be required to urinate in a public place.

11   Both Claimants were also in pain and physical discomfort due to it getting increasingly cold

12   and windy.

13        7.    Claimants called the San Francisco Muni City Services line and asked

14   for assistance and, when the San Francisco Muni employee stated that he could not provide

15   assistance, Claimants asked to speak to a supervisor.  The supervisor claimed that the elevator

16   did not belong to San Francisco Muni, but told claimants to call the San Francisco Department

17   of Public Works; Claimants tried to do this but were unable to obtain any assistance.

18   Claimants were told by the City employee at the City Services direct line that she had contacted

19   the Department of Public Works and was told that their "engineer," who allegedly had the *only*

20   key for the Hallidie Plaza elevator, had left for the Memorial Day weekend, and there was no

21   way to contact him.

22        8.    Meanwhile, after an extended wait, Claimant Robert Cruz again had a

23   painful need to urinate and, with no restroom facilities available, was again required to use a

24   corner of the gutter in full view of persons passing by at the upper street level.  Finally,

25   Claimants called the San Francisco Police Department, but were then told to call the San

26   Francisco Fire Department to request assistance.  Claimants did so, and explained their

27   situation and where the Hallidie Plaza was located.  Finally, the San Francisco Fire

28   Department personnel arrived and assisted both Claimants down the stairs to the BART/Muni

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity:
Robert Cruz v. San Francisco

- 3 -

1    Metro concourse level, and carried both their heavy motorized wheelchairs down to this level.

2         9.    **Witnesses**:  Bill Dunlap and Barry Smith, addresses currently unknown, were

3    the friends having coffee with claimants.  The rescue of claimants by the San Francisco Fire

4    Department was observed by witness Jonathan Runckle, address unknown.  Other witnesses

5    were two Muni Metro police officers, identities unknown; San Francisco Fire Department

6    members, identities unknown; other San Francisco employees, identities unknown.

7         10.    The names of the public employees responsible for damages are unknown at this

8    time.  On information and belief, all facilities complained of are owned and operated by the

9    City and County of San Francisco.

10        11.    Damages are for violation of civil rights, denial of full and equal access to

11   public facilities, and personal injuries, including physical injuries, mental and emotional

12   distress, and statutory damages and attorney fees, litigation expenses and costs, all in an

13   amount within the unlimited jurisdiction of the California Superior Court.

14

15   Dated: October 11, 2007

16

        PAUL L. REIN
        JULIE A. OSTIL
        ANN WINTERMAN
        LAW OFFICES OF PAUL L. REIN

17

18

19      Attorneys for Claimant
        DARWIN DIAS

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Claim Against Public Entity:**
**Robert Cruz v. San Francisco**

- 4 -

1

### *Certificate or Proof of Service by Mail, Fax or Personal Delivery*

2

I, the undersigned, state: I am and was at all times herein mentioned, a citizen of the United States and a resident of the County of Alameda, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is Law Office of Paul L. Rein, 200 Lakeside Drive, Suite A (Corner of Jackson & 19th Streets), Oakland, CA 94612; that on the below date, following normal business practice, I caused to be served the foregoing document described as:

3

4

5

**CLAIM AGAINST PUBLIC ENTITY**

6

Claim Against Public Entity: Darwin Dias v. San Francisco

7

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

8

9

☐     **Facsimile:** By facsimile transmission, from our regular facsimile machine at (510) 832-4787, at approximately _____, or soon thereafter, addressed to the following facsimile machine (☐ **Without exhibits, which are to follow by mail;** ☐ **With exhibits;** ☑ **N/A):**
          *Name of Person Served:* _____ See Above _____
          *Facsimile Telephone No:* _____ See Above _____
          A facsimile machine report was printed immediately thereafter, which verified that the transmission was complete and without error.

10

11

12

☑     **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with postage thereon fully prepaid, marked with the above address(es), and placed in:
          ☑     in First Class United States Mail
          ☐     in ☐ priority, or ☐ standard, overnight mail via Federal Express,
          I am readily familiar with our office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service at Oakland, and designated overnight packages will be timely scheduled for pickup or placed in Federal Express drop boxes or left at drop centers at Oakland.

13

14

15

16

17

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States and the state of California. Executed this **October 12, 2007**, in Oakland, California.

18

19

20

By: _____
          ☑ Steven L. Rein ☐ Aaron Clefton ☐ Katherine Castro
          ☐ Patricia Barbosa ☐ Paul L. Rein ☐ Julie Ostil
          (Original signed)

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity:
Robert Cruz v. San Francisco

- 5 -