DENNIS J. HERRERA, State Bar #139669
City Attorney
DANNY CHOU, State Bar #180240
Chief of Complex and Special Litigation
JAMES M. EMERY, State Bar #153630
Chief of Complex Litigation
ERIN BERNSTEIN, State Bar #231539
Deputy City Attorney
1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4218
Facsimile:    (415) 554-3837

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRUZ and DARWIN DIAS,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No. C08-00244 MEJ<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** |

　　　　Defendant City and County of San Francisco respond to the complaint of plaintiffs Robert Cruz and Darwin Dias as follows:

　　　　1.　　Responding to the allegations of Paragraph 1, Defendant City and County of San Francisco ("Defendant") admits that it owns Hallidie Plaza. Except as expressly admitted above, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

///

///

///

2. Responding to the allegations of Paragraph 2, Defendant admits that Hallidie Plaza is located adjacent to Powell and Market Streets in San Francisco, California. Except as expressly admitted above, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

3. Responding to the allegations of Paragraph 3, Defendant admits that subject matter jurisdiction exists for this Court pursuant to 28 U.S.C. § 1331, though Defendant expressly reserves its right to challenge subject matter jurisdiction at any time. Except as expressly admitted above, Defendant denies the remaining allegations in this paragraph.

4. Responding to the allegations of Paragraph 4, Defendant admits that subject matter jurisdiction exists for this Court pursuant to 28 U.S.C. § 1331, though Defendant expressly reserves its right to challenge subject matter jurisdiction at any time. Except as expressly admitted above, Defendant denies the remaining allegations in this paragraph.

5. Responding to the allegations of Paragraph 5, Defendant admits that venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the subject property is located in this district. Except as expressly admitted above, Defendant denies the remaining allegations in this paragraph.

6. Responding to the allegations of Paragraph 6, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

7. Responding to the allegations of Paragraph 7, Defendant admits that it is a public entity. Except as expressly admitted above, Defendant denies the remaining allegations in this paragraph.

8. Responding to the allegations of Paragraph 8, Defendant admits that it denied the claims of Robert Cruz and Darwin Dias. Except as expressly admitted above, Defendant denies the remaining allegations in this paragraph.

9. Responding to the allegations of Paragraph 9, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

10. Responding to the allegations of Paragraph 10, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

11. Responding to the allegations of Paragraph 11, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

12. Responding to the allegations of Paragraph 12, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

13. Responding to the allegations of Paragraph 13, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

14. Responding to the allegations of Paragraph 14, Defendant denies all allegations in this paragraph.

15. Responding to the allegations of Paragraph 15, Defendant denies all allegations in this paragraph.

16. Responding to the allegations of Paragraph 16, Defendant denies all allegations in this paragraph.

17. Responding to the allegations of Paragraph 17, Defendant City and County of San Francisco ("Defendant") admits that it owns Hallidie Plaza, that Hallidie Plaza is located adjacent to Powell and Market Streets in San Francisco, California, and that it denied the claims of Robert Cruz and Darwin Dias. Except as expressly admitted above, Defendant denies the remaining allegations of this paragraph.

18. Responding to the allegations of Paragraph 18, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies the allegations.

19. Responding to the allegations of Paragraph 19, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies the allegations.

20. Responding to the allegations of Paragraph 20, Defendant denies all allegations in this paragraph.

21. Responding to the allegations of Paragraph 21, Defendant denies all allegations in this paragraph.

22. Responding to the allegations of Paragraph 22, Defendant denies all allegations in this paragraph.

23. Responding to the allegations of Paragraph 23, Defendant denies all allegations in this paragraph.

24. Responding to the allegations of Paragraph 24, Defendant City and County of San Francisco ("Defendant") admits that it owns Hallidie Plaza, that Hallidie Plaza is located adjacent to Powell and Market Streets in San Francisco, California, and that it denied the claims of Robert Cruz and Darwin Dias. Except as expressly admitted above, Defendant denies the remaining allegations of this paragraph.

25. Responding to the allegations of Paragraph 25, Defendant admits that it is a governmental entity existing under the laws of the State of California. Except as expressly admitted above, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies the allegations.

26. Responding to the allegations of Paragraph 26, Defendant denies all allegations in this paragraph.

27. Responding to the allegations of Paragraph 27, Defendant denies all allegations in this paragraph.

28. Responding to the allegations of Paragraph 28, Defendant denies all allegations in this paragraph.

29. Responding to the allegations of Paragraph 29, Defendant City and County of San Francisco ("Defendant") admits that it is a governmental entity existing under the laws of the State of

California, that it owns Hallidie Plaza, that Hallidie Plaza is located adjacent to Powell and Market Streets in San Francisco, California, and that it denied the claims of Robert Cruz and Darwin Dias. Except as expressly admitted above, Defendant denies the remaining allegations of this paragraph.

30. Responding to the allegations of Paragraph 30, Defendant denies all allegations in this paragraph.

31. Responding to the allegations of Paragraph 31, Defendant denies all allegations in this paragraph.

32. Responding to the allegations of Paragraph 32, Defendant denies all allegations in this paragraph.

33. Responding to the allegations of Paragraph 33, Defendant denies all allegations in this paragraph.

34. Responding to the allegations of Paragraph 34, Defendant denies all allegations in this paragraph.

35. Responding to the allegations of Paragraph 35, Defendant denies all allegations in this paragraph.

36. Responding to the allegations of Paragraph 36, Defendant denies all allegations in this paragraph.

37. Responding to the allegations of Paragraph 37, Defendant City and County of San Francisco ("Defendant") admits that it is a governmental entity existing under the laws of the State of California, that it owns Hallidie Plaza, that Hallidie Plaza is located adjacent to Powell and Market Streets in San Francisco, California, and that it denied the claims of Robert Cruz and Darwin Dias. Except as expressly admitted above, Defendant denies the remaining allegations of this paragraph.

38. Responding to the allegations of Paragraph 38, Defendant lacks sufficient information to enable it to form a belief as to the truth of the allegations in this paragraph, and on that basis, denies the allegations.

39. Responding to the allegations of Paragraph 39, Defendant denies all allegations in this paragraph.

Answer to Plaintiff's Complaint and Jury Demand
*Cruz, et al. v. CCSF*, Case No. C-08-00244 MEJ
5
n:\lit\li2008\080855\00467422.doc

40. Responding to the allegations of Paragraph 40, Defendant denies all allegations in this paragraph.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury of all causes of action for which trial by jury is proper.

## SEPARATE, DISTINCT, AND AFFIRMATIVE DEFENSES

1. The complaint fails to state facts sufficient to constitute any claim upon which relief can be granted against Defendant.

2. Defendant did not deprive Plaintiffs of any right or privilege guaranteed by the Constitution or laws of the United States.

3. The Complaint does not present a case or controversy.

4. The Complaint is not ripe for adjudication by this Court.

5. This Court should abstain from hearing and deciding this action.

6. The Complaint is moot.

7. Plaintiffs lack standing to maintain this action either for themselves or on behalf of the alleged class of persons they purport to represent.

8. The Complaint is barred by all applicable statutes of limitation.

9. The Complaint is barred by the doctrine of laches.

10. The Complaint is barred by the doctrines of estoppel and waiver.

11. The Complaint is barred in that the relief sought would require Defendant to alter fundamentally the City and County of San Francisco's services and programs.

12. The Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on the City and County of San Francisco and would require unreasonable modifications to programs and services.

13. Plaintiffs have failed to exhaust their administrative and other state remedies.

14. The Complaint is barred in that Plaintiffs seek relief under the Americans with Disabilities Act allegedly because of acts or omissions of City and County of San Francisco employees who are not entities within the meaning of the Act.

15. The City and County of San Francisco has a comprehensive system or plan which is effectively providing appropriate services, programs, and facilities to Plaintiffs and any purported class.

16. To the extent that the Complaint alleges entitlement to services or programs that are not being provided, Plaintiffs have failed to demonstrate, on their own behalf and on behalf of any purported class, eligibility or entitlement to such programs or services.

17. The relief requested in the Complaint is barred based upon the separation of powers doctrine.

18. The Complaint is barred by the doctrines of *res judicata* and collateral estoppel.

19. The Complaint is barred because Defendant is not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

20. To the extent the Complaint alleges violations of law, those alleged violations are not the result of the conduct or omissions of Defendant, nor can those alleged violations be attributed to Defendant.

21. Defendant does not have any policy, practice, procedure, regulation or intent to deny any plaintiff or alleged class member any clearly established federal statutory or regulatory standard.

22. The Complaint is barred by the Tenth Amendment to the Constitution of the United States.

23. Plaintiffs were required to comply with the California Tort Claims Act in this action, and have failed to comply in a timely manner with all relevant sections of that legislation.

24. Defendant's investigation into the issues raised in the Complaint is at the preliminary stages, and therefore defendant reserves the right to amend its Answer to add further affirmative defenses when such are discovered.

25. The Complaint is barred in that the relief sought would inappropriately mandate the manner in which defendant allocates public funds in relation to existing programs and services.

26. The Complaint is barred in that the relief sought would inappropriately require defendant to allocate resources, a political judgment, outside the purview of the court's authority.

27. The Complaint is barred because Plaintiffs inappropriately seek to predicate their claims on defendant's allegedly improper allocation of public funds.

28. The Complaint is barred because Plaintiffs have failed to request either reasonable accommodation or auxiliary aid(s) as contemplated by all applicable law.

29. To the extent that the Complaint alleges violations of law, any such violations were committed by individuals or entities other than this answering Defendant.

30. Defendant alleges that the fault of persons other than this Defendant contributed to and proximately caused the alleged occurrence; and Defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that Defendant's ultimate liability, which liability is expressly denied, be reduced to the extent of such contribution.

**DEFENDANT'S PRAYER FOR RELIEF**

**WHEREFORE,** Defendants pray that Plaintiffs take nothing by way of this action and that Defendants be awarded their costs of suit, attorneys' fees and any other relief that the Court deems proper.

Dated:  February 22, 2008

>DENNIS J. HERRERA
>City Attorney
>DANNY CHOU
>Chief of Complex and Special Litigation
>JAMES M. EMERY
>Chief of Complex Litigation
>ERIN BERNSTEIN
>Deputy City Attorney
>
>By:       //s//
>         ERIN BERNSTEIN
>
>Attorneys for Defendant
>CITY AND COUNTY OF SAN FRANCISCO